Marian R. **CANEDY**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

Civ. A. No. 5:93–CV–382.

United States District Court, D. Vermont.

May 18, 1994.

---

Manfred W. Ehrich, Jr., Bennington, VT, for plaintiff.

Daniel L. Burchard, McCormick, Fitzpatrick & Mertz, Burlington, VT, for defendant.

### OPINION AND ORDER

BILLINGS, District Judge.

On March 3, 1994 the Court bifurcated the issue of coverage from the issues of liability and damages in this underinsured motorist suit. The parties' pending motions for summary judgment on the issue of coverage bring the matter before the Court.

#### Background

Plaintiff Marian Canedy rented a vehicle from Morrison Sales and Service, d/b/a Target Rent–A–Car ("Morrison"). The rented car was insured for liability on a policy[1] issued to Morrison by defendant Liberty Mutual Life Insurance Company ("Liberty Mutual"). An endorsement to the policy afforded underinsured motorist ("UM") coverage to Morrison and to anyone else "occupying" one of Morrison's covered automobiles.

On June 30, 1991, while the policy was in effect, plaintiff drove the car to Manchester, Vermont, where she parked the car in a store's parking lot. After leaving the store, plaintiff intended to buy a cup of coffee from a shop on the other side of the street. While walking across the street plaintiff was struck by an automobile driven by one Arlene Litwack.

Plaintiff, who when renting the car had elected insurance coverage from Morrison, presented a claim to Liberty Mutual for UM benefits. Liberty Mutual denied plaintiff's claim on two grounds. The first ground, that the Litwack vehicle was not underinsured at the time of the accident, has been conceded by Liberty Mutual for purposes of this litigation. Liberty Mutual's second ground for denial of the claim is that, under the facts of this case, plaintiff fails to qualify as an "insured" by the terms of the policy. This suit followed.

#### Discussion

Summary judgment is appropriate when the Court finds that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant, in response to a motion for summary judgment, may not rest on its pleading but must present "significant probative evidence" demonstrating that a factual dispute exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Plaintiff argues that by the terms of the rental agreement she entered into with Morrison, she becomes the named insured for purposes of Morrison's policy with Liberty Mutual. As the named insured, plaintiff would thus be covered for UM benefits, pursuant both to the policy and to Vermont's

---

1. Liberty Mutual Business Auto Coverage Form, Policy No. AS1–711–001356–020 ("the policy").

UM statute, 23 V.S.A. § 941.[2] Defendant argues that by the policy's terms only Morrison is a named insured and that plaintiff is to be treated as an additional insured for coverage purposes. Because of the policy's standard "use or occupancy" clause which limits the UM benefits available to additional insureds,[3] plaintiff would be covered only if, at the time of the accident, she was "occupying" the covered vehicle.

The parties have presented the Court with a number of cases interpreting similar "use or occupancy" restrictions, which contain various tests used to determine when an injured pedestrian was, for insurance purposes, "occupying" a vehicle.[4] However, this Court need not decide whether crossing a street on foot for a cup of coffee constitutes "occupancy" for purposes of 23 V.S.A. § 941.

The rental agreement between plaintiff and Morrison makes clear that plaintiff purchased liability insurance coverage when agreeing to rent the car from Morrison.[5] Through its solicitation of plaintiff for liability insurance and by charging a fee for such coverage, Morrison acted as the agent of Liberty Mutual. Plaintiff's purchase of liability insurance under the rental agreement thereby puts her in the capacity of named insured for purposes of the policy. *Accord Moon v. Guarantee Ins. Co.,* 764 P.2d 1331 (Okl.1988). Because no "use or occupancy" clause restricts named insureds, plaintiff is entitled to the UM coverage provided by the policy and mandated by 23 V.S.A. § 941.

Consequently, plaintiff is covered for UM benefits to the limit of $1,000,000.

There being no material facts in dispute, and plaintiff being entitled to judgment as a matter of law, the Court hereby GRANTS plaintiff's motion for summary judgment and DENIES defendant's cross-motion for summary judgment.

SO ORDERED.

2. 23 V.S.A. § 941(a) reads, in pertinent part:
   No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered or issued for delivery in this state ... unless coverage is provided therein, or supplemental thereto, for the protection of persons insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured, underinsured, or hit-and-run motor vehicles, for bodily injury....

3. An endorsement to the policy, entitled "Vermont Uninsured Motorists Coverage," defined additional insureds as "anyone else occupying a covered auto."

4. *See Kreuser v. Heritage Mutual Ins. Co.,* 158 Wis.2d 166, 461 N.W.2d 806 (App.1990) (vehicle-oriented test); *Rau v. Liberty Mutual Ins. Co.,* 21 Wash.App. 326, 585 P.2d 157 (1978) (four-step test); *Auto–Owners v. Powell,* 757 F.Supp. 965 (S.D.Ind.1991), *aff'd* 953 F.2d 646 (7th Cir.1992) (time and safety test).

5. Exhibit A to Plaintiff's Reply Memorandum of Law.